James R. LEE, Plaintiff,

v.

SHELLER GLOBE
CORPORATION, Defendant.

SHELLER GLOBE CORPORATION,
Third Party Plaintiff,

v.

STAUFFER CHEMICAL COMPANY
and Brent Chemical Corporation,
Third Party Defendant.

Civ. A. No. H84-0175(W).

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

May 15, 1986.

See also, D.C., 661 F.Supp. 6.

Thelma Schwartz Zinner, Biloxi, Miss., and Guy Walker, Laurel, Miss., for plaintiff.

Keith R. Raulston and George F. Woodliff, III, Jackson, Miss., for defendant and third party plaintiff.

J. Robert Ramsay and S. Robert Hammond, Hattiesburg, Miss., for third party defendant.

ORDER

GEX, District Judge.

This matter is before the Court on Third Party Defendant Stauffer Chemical Company's ("Stauffer") "Motion for Interpretation of Response to Request for Admission and/or Motion for Leave to Amend Response to Request for Admission". The request for admission at issue in the Motion was propounded by Sheller Globe Corporation ("Sheller") on June 19, 1985. Stauffer responded with an unqualified admission. The subject request reads:

1. The purchase order exhibited to the third party complaint is a true and correct copy of the purchase order issued by Sheller Globe Corporation in response to which Stauffer Chemical Company delivered certain chemicals, in connection with the sale of which chemicals plaintiff James R. Lee was present in the plant of Sheller Globe Corporation in Kosciusko, Mississippi on the date of the accident described in the complaint of plaintiff James R. Lee.

Stauffer objects to the compound nature of the request and seeks to clarify its response to reflect its intent to admit "only ... that the purchase order exhibited to the Third Party Complaint was [a] true and correct copy of the subject purchase order" and that it not be construed as a concession to the truth or accuracy of other portions of the request for admission.

Although the Court possesses the authority [1] to grant the relief requested, the Court is not persuaded that such relief would subserve the presentation of the

1. Rule 36(b), Federal Rules of Civil Procedure.

merits of the action. Further, given the lapse of time between the date the subject request was responded to (July 15, 1985) and the date the instant motion was filed (April 2, 1986), and with the trial of this action currently scheduled to commence the week of May 27, 1986, the Court is of the opinion that some degree of prejudice would inure to Sheller since, as Sheller explains, it "has foregone discovery which would have been directed at the very factual issues concluded by Stauffer's judicial admission ...". Moreover, and significantly, the Court does not regard Stauffer's admission to the whole of the subject request for admission as having conclusively established, in and of itself, the applicability of the indemnity provision appearing on the parties' contract of sale (purchase order numbered K 06099).[2] It is, therefore,

ORDERED AND ADJUDGED, that Third Party Defendant Stauffer Chemical Company's Motion for Interpretation of Response to Request for Admissions and/or Motion for Leave to Amend Response to Request for Admission" be, and the same is hereby, denied.

---

**2.** See the Court's Memorandum Opinion rendered this date which addresses the cross mo-

tions for summary judgment.